United States District Court
Southern District of Texas
**ENTERED**
March 14, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JAVIER MARTINEZ,** | § | |
| | § | |
| *Plaintiff,* | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:23-cv-01732** |
| | § | |
| **SELECT PORTFOLIO SERVICING, INC.** | § | |
| *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM & ORDER

Defendant Select Portfolio Servicing, Inc. ("Defendant" or "SPS") filed a Motion for Summary Judgment (the "Motion"). ECF No. 6. Plaintiff failed to respond by the submission date. The Court held a hearing on the Motion on March 14, 2024. After considering the filings, the applicable law, and the arguments made at the hearing, the Court finds that Defendant's Motion should be **GRANTED**.

### I.      BACKGROUND

The factual background of the case is provided in Defendant's Motion. *See* ECF No. 6 at 3. To briefly summarize, in May 2023, Plaintiff Javier Martinez ("Plaintiff"), a pro se litigant, filed an Emergency Petition for Temporary Restraining Order with Preliminary Injunction and Asset Freeze and other Equitable Relief (the "Complaint"). ECF No. 1-4. Defendant filed its Answer in state court, ECF No. 1-6, and removed the action to this Court on the basis of diversity jurisdiction, ECF No. 1.[1]

---

[1] Plaintiff also named the law firm that handled the foreclosure, Hughes, Waters and Askanase, LLP, as a defendant. As of March 13, 2024, no known service has been accomplished as to the firm. SPS claims that the firm's "only involvement was as counsel retained by SPS to notice and conduct the foreclosure sale." ECF No. 1 at 3. SPS is entitled to remove to a federal forum *unless* "an in-state defendant has been 'properly joined.'" *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d

Plaintiff alleges that he owns the subject property located at 7203 Mission Court Drive, Houston, Texas 77083 (the "Property") and that he is "at risk of losing [the Property] to foreclosure because of the misrepresentations made to [him] by the mortgage servicer, SELECT PORTFOLIO SERVICING, INC." ECF No. 1-4 at 1; *see also* ECF No. 6 at 2 (emphasis added) ("Plaintiff is the borrower under a residential mortgage that is **past due for the January 1, 2011 payment and all subsequent payments**. Defendant is the mortgage servicer for the subject loan for the mortgagee . . . .").

Defendant states that a Demand Letter-Notice of Default was sent to Plaintiff on August 7, 2015, and a Notice of Maturity/Acceleration of Texas Recourse Loan and Enclosing Notice of Substitute Trustee Sale was sent on March 10, 2023. ECF No. 6 at 3; *see also* ECF No. 6-5 (Demand Letter-Notice of Default); ECF No. 6-6 (Notice of Maturity/Acceleration). On October 3, 2023, "Plaintiff lost title to the subject Property as a result of a Homeowner's Association

---

568, 573 (5th Cir. 2004). Here, while the law firm is allegedly a non-diverse party, the Court finds that it was improperly joined to this lawsuit and, therefore, its citizenship is irrelevant for the purposes of diversity jurisdiction. *See, e.g.*, *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006) (explaining that, to find improper joinder based on plaintiff's inability to establish a cause of action against the non-diverse party in state court, the court "ordinarily conduct[s] a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the in-state defendant"). As SPS notes, and the Court agrees, "Plaintiff's factual allegations against the Foreclosure Firm do not exist in his Complaint other than the naming the Foreclosure Firm in the style of the case and certainly do not raise Plaintiff's right to relief above the speculative level, as any formulaic recitation of vague allegations, even if it existed, would be insufficient to support a claim against the Foreclosure Firm." ECF No. 1 at 5. Because Plaintiff fails to allege conduct that is specifically attributable to the law firm, Plaintiff has no reasonable basis for recovering on any claims against the firm. Accordingly, the Court finds that Hughes, Waters and Askanase, LLP was improperly joined and should be dismissed from this lawsuit. *See Moreno Energy, Inc. v. Marathon Oil Co.*, 884 F. Supp. 2d 577, 588 (S.D. Tex. 2012) ("[I]f the non-diverse party is found to be fraudulently joined, its citizenship does not destroy diversity but is disregarded, that defendant is dismissed, and any motion made, by it is moot."). The Court also notes that Hughes, Waters and Askanase, LLP did not need to join in SPS's removal petition because it was not served with process at the time the removal petition was filed and because it was improperly joined. *See id.* at 582, 583 n.6.

Foreclosure Sale." ECF No. 6 at 3; *see also* ECF No. 6-8 (Deed under Execution and Order of Sale).

Defendant moves for summary judgment on the basis that Plaintiff's Complaint "contains no discernable causes of action." ECF No. 6 at 2. Plaintiff's response to the Motion was due by January 31, 2024. Plaintiff appeared at the hearing on March 14, but has not filed a response. Under Local Rule 7.4, failure to respond to a motion by the submission day is taken as a representation of no opposition.

## II.    LEGAL STANDARD

### A.  Summary Judgment

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

A court cannot grant a motion for summary judgment "solely on the ground that [a nonmovant] failed to respond." *John v. State of La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir. 1985). A court may, however, "accept[] as undisputed the facts . . . listed in support of [the movant's] motion for summary judgment" and grant the motion so long as the movant makes "a *prima facie* showing of its entitlement to judgment." *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

### B.  Injunctive Relief

A preliminary injunction may be issued to protect a plaintiff from irreparable injury. There are four prerequisites that must be met for the Court to grant this form of relief:

> The four prerequisites are as follows: (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction

will not disserve the public interest.

*Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). "In considering these four prerequisites, the court must remember that a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion." *Id.* at 573.

### III.   DISCUSSION

#### A.  Plaintiff's Allegations

Plaintiff vaguely alleges the following:

> The Servicer, Select Portfolio Servicing, Inc., was being fraudulent as well with Dual Tracking of this loan. Select Portfolio Servicing approved a loss mitigation application from Petitioner on 02/07/23, then proceeded with both foreclosure and loss mitigation options. Dual Tracking is prohibited by federal law under Title X (the Consumer Protection Act of 2010) of the Dodd-Frank Act.

ECF No. 1-4 at 1.

Regarding dual tracking, Defendant clarifies that Plaintiff is likely referring to "12 CFR § 1024.41 of the Real Estate Settlement Procedures Act ('RESPA'), also referred to as Regulation X." ECF No. 6 at 8. "Dual tracking is the term given to situations in which the lender actively pursues foreclosure while simultaneously considering the borrower for loss mitigation options. Section 1024.41(g) prohibits dual tracking, and 1024.41(a) expressly provides for a private right of action in the event the lender violates the provision." *Gresham v. Wells Fargo Bank, N.A.*, 642 F. App'x 355, 359 (5th Cir. 2016). Among other things, Section 1024.41 requires "the servicer to notify the borrower in writing, within 30 days of receipt of a complete loss mitigation application, which loss mitigation options, if any, it will offer the borrower, or the specific reasons for denying a complete loss mitigation application." *Obazee v. The Bank of New York Mellon*, No. 3:15-CV-1082-D, 2015 WL 4602971, at *2 (N.D. Tex. July 31, 2015). "However, Section 1024.41(g) only

applies where 'a servicer receives a complete loss mitigation application more than 37 days before a foreclosure sale.'" *Gresham*., 642 F. App'x at 359 (quoting 12 C.F.R. § 1024.41(c)).

Here, other than Plaintiff's conclusory and unsubstantiated assertion that Defendant approved its loss mitigation application on February 7, 2023, there is no evidence that Plaintiff submitted a complete loss mitigation application, to which Defendant failed to respond adequately, more than 37 days before any attempted foreclosure sale. The Court must draw all "reasonable inferences . . . in favor of the nonmoving party, but the nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

Next, Plaintiff's pleading alleges that Defendant was being "fraudulent." ECF No. 1-4 at 1. To the extent Plaintiff asserts a claim for common law fraud,[2] Plaintiff has failed to plead fraud with the required specificity. The Federal Rules of Civil Procedure impose a heightened pleading standard for fraud allegations, requiring a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Fifth Circuit has emphasized that Rule 9(b) "demands 'the who, what, when, and where [to] be laid out *before* access to the discovery process is granted.'" *Elson v. Black*, 56 F.4th 1002, 1009 (5th Cir. 2023) (quoting *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997)) (emphasis in original). Moreover, to the extent Plaintiff alleges that Defendant represented to him that the foreclosure sale would not take

---

[2] Common law fraud exists where: "(1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the representation was made with the intention that it be acted upon by the other party; (5) the party acted in reliance on upon the representation; and (6) the party suffered injury." *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 524 (Tex. 1998).

place because his loss mitigation application was pending or approved, a promise to do an act in the future is not actionable fraud unless it is "made with the intention, design, and purpose of deceiving, and with no intention of performing the act." *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex.1986). Plaintiff does not allege that Defendant made a promise with no intention of performing at the time the promise was made. The factual record before the Court does not demonstrate that Defendant made any material misrepresentations to Plaintiff or engaged in other conduct that would give rise to a claim of fraud.

The Court finds that any dual tracking or fraud claims attempted by Plaintiff fail based on summary judgment standards.

### B.  Plaintiff's Request for Injunctive Relief

Defendant argues that Plaintiff cannot prove the elements required to obtain injunctive relief:

> Plaintiff cannot establish a probable right of recovery or that irreparable injury will result if an injunction is not granted. Instead, the status is that Plaintiff has managed to remain in the subject collateral for years without making any mortgage payments by filing at least 6 bankruptcies and continuously applies for loan modification agreements that are optional on the part of the mortgagee and for which he is unable to qualify. Perhaps more significantly, Plaintiff does not currently hold title to the Property as he lost title to the Property as a result of a Homeowner's Association foreclosure sale.

ECF No. 6 at 7.

The Court agrees with Defendant's arguments and further notes that "[u]nder Texas Law, a request for injunctive relief, absent a substantive cause of action supporting entry of judgment is fatally defective and does not state a claim." *Puig v. Citibank, N.A.*, No. 3:11-CV-0270-L, 2012 WL 1835721, at *17 (N.D. Tex. May 21, 2012), *aff'd*, 514 F. App'x 483 (5th Cir. 2013). Because Plaintiff has failed to assert any legally viable claims and to provide evidence establishing any of the elements required to obtain injunctive relief, the Court finds that Plaintiff is not entitled to injunctive relief.

## IV.    CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion for Summary Judgment. ECF No. 6.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 14th day of March, 2024.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE